ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| GISELA LAMENZA MARRERO<br><br>Peticionaria<br><br>v.<br><br>ANDREA NOEMI BELTRÁN RODRÍGUEZ Y OTROS<br><br>Recurrida | KLCE202400822 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. CG2023CV03246<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

I.

El 25 de septiembre de 2023 la Sra. Gisela Lamenza Marrero, viuda del Sr. Miguel Orlando Beltrán Delgado, instó *Demanda* sobre división de comunidad de bienes hereditarios contra las Sras. Andrea Noemi Beltrán Rodríguez y Adriana Li Beltrán Rodríguez (señoras Beltrán Rodríguez), hijas del causante.[1] Entre otras cosas, la señora Lamenza Marrero solicitó la división de la comunidad de bienes y la adjudicación de un crédito por gastos funerarios. Solicitó también, que se autorizara a emplazar por edictos ya que no conocía la dirección y/o paradero de las demandadas.

El 9 de febrero de 2024 las señoras Beltrán Rodríguez presentaron la *Contestación a la Demanda y Reconvención.*[2] Alegaron, entre otros asuntos, que la señora Lamenza Marrero tenía el control total del caudal del causante, por lo que solicitaron el inventario, avalúo y que se procediera con la liquidación de la

---

[1] Anejo I del Recurso, págs. 1-3.
[2] Anejo II del Recurso, págs. 5-8.

comunidad hereditaria. También solicitaron la distribución y adjudicación de su participación y la de la señora Lamenza Marrero.

Luego de varios trámites procesales, el 17 de mayo de 2024, las señoras Beltrán Rodríguez presentaron una *Urgente Solicitud de Orden al amparo de la Regla 56 de las de Procedimiento*,[3] para que el Foro primario dictara las órdenes correspondientes en aseguramiento de sentencia. Específicamente, que ordenara a la señora Lamenza Marrero a consignar en la Unidad de Cuentas del Tribunal, la cantidad total de $1,003,898.99, y a no cancelar, disponer, transferir, modificar, retirar o de cualquier manera alterar los balances disponibles en las cuentas de 401K del causante.

Mediante *Orden* dictada el 20 de mayo de 2024, notificada al siguiente día, el Foro *a quo* ordenó a la señora Lamenza Marrero cumplir con lo solicitado en la *Urgente Solicitud de Orden al amparo de la Regla 56 de las de Procedimiento*.[4] El 23 de mayo de 2024 la señora Lamenza Marrero presentó una *Moción de Emergencia Invocando la Regla 8.1 de las de Procedimiento Civil y Debido Proceso de Ley y Solicitud de Órdenes*.[5] Solicitó, sin éxito, que el Tribunal de

---

[3] Anejo III del Recurso, págs. 9-14.

[4] Anejo IV del Recurso, págs. 19-20. El Tribunal de Primera Instancia ordenó lo siguiente: "[e]n un término no mayor de cinco (5) días de emitida esta orden consigne en la Unidad de Cuentas de este Tribunal la cantidad de $439,741.60 correspondiente al balance disponible al momento del fallecimiento del causante Miguel Beltrán Delgado en sus cuentas de cheques y ahorros (Premier Checking 1089909277 y Platinum Savings 5090122804) de Wells Fargo y que la demandante Gisela Lamenza Manero depositó en su cuenta personal. En un término no mayor de cinco (5) días de emitida esta orden consigne en la Unidad de Cuentas de este Tribunal la cantidad de $25,000.00 correspondiente al pago de liquidación del patrono del causante Miguel Beltrán Delgado, Bioventus, LLC., pagado directamente a la demandante Gisela Lamenza Manero. En un término no mayor de cinco (5) días de emitida esta orden consigne en la Unidad de Cuentas de este Tribunal la cantidad de $539,157.39 correspondiente a la venta de la propiedad inmueble en el estado de North Carolina perteneciente al causante Miguel Beltrán Delgado, propiedad comprada con fondos privativos de éste. En un término no mayor de cinco (5) días de emitida esta orden provea a la parte demandada copia fiel y exacta de los últimos tres (3) estados de cuenta de ambas cuentas de retiro 401K del causante Miguel Beltrán Delgado. Se le ordena abstenerse de cancelar, disponer, transferir, modificar, retirar o de cualquier manera alterar los balances disponibles en ambas cuentas 401K, hasta que este tribunal emita la sentencia correspondiente en el caso de epígrafe".

[5] Anejo V del Recurso, págs. 21-24.

Primera Instancia dejara sin efecto la *Orden* emitida el 21 de mayo de 2024.[6]

El 29 de mayo de 2024 las señoras Beltrán Rodríguez presentaron una *Urgente solicitud de orden e imposición de severas sanciones por incumplimiento de orden.*[7] En la misma fecha la señora Lamenza Marrero presentó una *Moción en solicitud de reconsideración de orden emitida por el Honorable Tribunal SUMAC 60 ordenando consignar dineros que ya fueron adjudicados a la viuda en otra jurisdicción donde el causante era residente y domiciliado y sobre los que este honorable Tribunal no tiene jurisdicción.*[8] Las señoras Beltrán Rodríguez se opusieron en la misma fecha.[9]

Posteriormente, el 28 de junio de 2024, notificada al siguiente día, el Foro primario reiteró mediante *Orden* que la señora Lamenza Marrero "deberá consignar en el tribunal la totalidad de los dineros habidos en la cuenta del causante a la fecha de su muerte y que fueron transferidos por la viuda pendientes de partición",[10] esto, dado al incumplimiento con la *Orden* del 21 de mayo de 2024. Trascurridos varios incidentes procesales, el 29 de julio de 2024, la señora Lamenza Marrero recurrió ante nos mediante *Petición de Certiorari.* Plantea:

> **PRIMER ERROR:**
> **EL TPI ERRÓ [AL] EMITIR ORDENES DE EMBARGO SOBRE BIENES SOBRE LOS QUE NO TIENE JURISDICCIÓN PORQUE ESTOS SE ENCUENTRAN BAJO LEYES DE OTRO ESTADO.**
>
> **SEGUNDO ERROR:**
> **EL TPI VIOLÓ LOS DERECHOS CONSTITUCIONALES DE LA DEMANDANTE AL EMITIR UNA ORDEN DE EMBARGO DE FORMA EX PARTE, [SUMAC 60 Y 73]**

---

[6] El Foro primario dictó NO HA LUGAR a dicha moción el 24 de mayo de 2024. Anejo VI del Recurso. El número de la página no está identificado, pero según la secuencia corresponde al núm.26.

[7] Anejo VII del Recurso, págs. 26-27.

[8] Anejo VIII del Recurso, págs. 28-39.

[9] Anejo VIII del Recurso, págs. 28-39.

[10] Anejo IX del Recurso, págs. 40-45. El Tribunal de Primera Instancia ordenó los siguiente: "[e]n el término de diez 10 días la parte demandante deberá consignar en el tribunal la totalidad de los dineros habidos en la cuenta del causante a la fecha de su muerte y que fueron transferidos por la viuda pendientes de partición. Incurrirá en desacato y se podrá ordenar su arresto si se incumple la misma previa vista de mostrar causa".

**SIN LA CORRESPONDIENTE VISTA EVIDENCIAR[I]A Y SIN EXIGIR LA RESPECTIVA FIANZA SEGÚN REQUERIDO POR LA REGLA 56 DE LAS DE PROCEDIMIENTO CIVIL DE PUERTO RICO EN ERROR CRASO Y MANIFIESTO VIOLANDO ASÍ EL DEBIDO PROCESO DE LEY EN SU VERTIENTE PROCESAL Y SUSTANTIVA A LA PARTE PETICIONARIA Y AL MANTENER COMO CONFIDENCIALES PROYECTS DE ÓRDENES ATENDIDOS DE FORMA EXPARTE A ESPALDAS DE LA PARTE DEMANDANTE.**

Con su *Petición de Certiorari*, la señora Lamenza Marrero presentó una *Urgente solicitud de orden de paralización en auxilio de jurisdicción*. En la misma fecha, dictamos NO HA LUGAR a la moción de auxilio de jurisdicción y le concedimos a la parte recurrida quince (15) días, contados a partir de la fecha de notificación de la *Resolución*, para expresarse sobre el recurso de título.[11]

El 7 de agosto de 2024 la señora Lamenza Marrero presentó una *Urgent[í]sima Moción en Auxilio de Jurisdicción para evitar que la recurrente se enfrente a un inminente despojo de su propiedad sin el debido proceso de ley y evitar que el reclamo se convierta en acad[é]mico.* En la misma fecha declaramos NO HA LUGAR la petición por entender que no había ninguna circunstancia adicional para cambiar la *Resolución* emitida el 29 de julio de 2024.[12]

El 9 de agosto de 2024 las señoras Beltrán Rodríguez comparecieron con su *Alegato en oposición a petición de certiorari.* De entrada, plantearon, que el recurso instado no les fue debidamente notificado y que, además, el recurso padece de una serie de errores de forma específicamente el Apéndice. Argumentaron que la señora Lamenza Marrero está fuera de término para presentar el *certiorari* puesto que, verdaderamente se recurre de la *Orden* del 21 de mayo de 2024 la cual advino final y firme.

---

[11] La Resolución fue emitida por Panel Especial II, conforme a la orden administrativa OATA-2024-011.
[12] Emitido por Panel I, acorde a la OATA-2024-074 del 1 de julio de 2024.

El 12 de agosto de 2024 la señora Lamenza Marrero presentó una *Moción solicitando desglose de anejo [de] deposición sometida por la parte recurrida.* El 15 de agosto de 2024 las señoras Beltrán Rodríguez presentaron su oposición. Estando en posición de resolver, procedemos a así hacerlo.

II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[13] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[14] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[15] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[16] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[17]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[18] Debido a que la ausencia de jurisdicción es insubsanable.[19] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[20] Conforme a ello, la Regla 83 de nuestro

---

[13] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[14] *Torres,* 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.,* 187 DPR 445, 456 (2012).

[15] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[16] *Torres,* 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.,* 164 DPR 663, 674 (2005); *Vázquez,* 128 DPR, pág. 537.

[17] *Allied Management Group Inc.* v. *Oriental Bank,* 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación,* 171 DPR 46, 55 (2007); *Vázquez,* 158 DPR, pág. 537.

[18] *Allied Management Group Inc.,* 204 DPR, pág. 374; *Caratini* v. *Collazo Syst. Análisis, Inc.,* 158 DPR 345, 356 (2003); *Vega et al.,* 156 DPR, pág. 456.

[19] *Allied Management Group Inc.,* 204 DPR, pág. 374; *Maldonado,* 171 DPR, pág. 55; *Souffront* v. *A.A.A.,* 164 DPR, pág. 674; *Vázquez,* 128 DPR, pág. 537.

[20] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.,* 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group,* 189 DPR

Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[21]

Un recurso prematuro al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[22] Sin embargo, existe una importante diferencia en las consecuencias que acarrean. La desestimación por un recurso tardío priva fatalmente a la parte de poder presentar el recurso nuevamente, ante el mismo foro o cualquier otro.

Como norma general las Reglas de Procedimiento Civil codifican los términos para recurrir en revisión de una causa de acción civil. **En particular, la Regla 52.2(b) de Procedimiento Civil,[23] al igual que la Regla 32 (D) del Reglamento del Tribunal de Apelaciones,[24] establecen un término de cumplimiento estricto de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la resolución u orden dictada para presentar un recurso de *Certiorari* ante el Tribunal de Apelaciones**.[25] Existen varios mecanismos procesales que interrumpen dicho término. Entre ellos, la moción de reconsideración.

### III.

En este caso el Tribunal de Primera Instancia expidió unas *Órdenes* el 21 de mayo de 2024 para que la señora Lamenza Marrero consignara en el Tribunal ciertas cantidades de dinero y, además,

---

84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003).
[21] 4 LPRA Ap. XXII-B, R. 83.
[22] *Julia Padró, et al* v. *Vidal, S.E.*, 153 DPR 357, 366 (2001); *Rodríguez* v. *Zegarra*, 150 DPR 649, 654 (2000).
[23] 32 LPRA Ap. V, R. 52.2(b) (Énfasis nuestro).
[24] 4 LPRA Ap. XXII-B, R. 32(D) (Énfasis nuestro).
[25] Sin embargo, cuando el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios sean parte del pleito el término será de sesenta (60) días a partir del archivo en autos de una copia de la notificación de la Sentencia. 32 LPRA Ap. V, R. 52.2 (c) (Énfasis nuestro).

en cuanto a las cuentas de retiro del causante, proveyera copia fiel y exacta de los últimos tres (3) estados de cuenta. Posteriormente, dicho foro emitió otra *Orden* el 28 de junio de 2024 para que la señora Lamenza Marrero consignara la totalidad del dinero habido en la cuenta del causante a la fecha de su muerte y que fueron transferidos por esta, aun estando pendientes de partición, -lo cual ya había sido requerido en la *Orden* del 21 de mayo de 2024- y advirtió que incurriría en desacato de incumplir la misma.

Nótese que la *Orden* emitida por el Foro primario el 28 de junio de 2024, se limitó a reiterar la *Orden* emitida previamente el 21 de mayo del 2024, para que la señora Lamenza Marrero consignara en el Tribunal la totalidad de los fondos de cuenta del causante a la fecha de su muerte. Es decir, es una *Orden* en respuesta al incumplimiento con la *Orden* del 21 de mayo de 2024, de la cual nunca se recurrió ante nos, adviniendo final y firme el 24 de junio de 2024.[26] La señora Lamenza Marrero no puede ahora utilizar como base la *Orden* del 24 de junio del 2024 para impugnar el dictamen final y firme emitido 21 de mayo de 2024.

Ello así, la *Petición de Certiorari* presentada el 29 de julio de 2024, esto es, sesenta y cinco (65) días luego de transcurrido el término de treinta (30) desde emitido el dictamen del 21 de mayo, se

---

[26] La Regla 52.2(b) de Procedimiento Civil dispone que: "[l]os recursos de *certiorari* al Tribunal de Apelaciones para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria o al Tribunal Supremo para revisar, discrecionalmente, las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación o las sentencias o resoluciones finales en recursos de *certiorari* en procedimientos de jurisdicción voluntaria deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia o resolución recurrida. Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*". De forma similar la Regla 32 (D) del Reglamento del Tribunal de Apelaciones establece: "[e]l recurso de *certiorari* para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto".

incoó indefectiblemente tarde, por lo que el único curso decisorio a seguir es desestimarla.[27]

IV.

Por los fundamentos de derecho antes expuestos, se *desestima* el recurso por falta de jurisdicción al presentarse tardíamente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones

---

[27] *Pérez* v. *C.R. Jiménez, Inc.,* 148 DPR 153, 156 (1999).